TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-4039

MIDDLESEX , ss

Steven J. Bernberg et al , Plaintiff(s)

v.

Equifax Information
Services, LLC , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...... Paul F. Murphy, Esq. ......
....................................... plaintiff's attorney, whose address is ... 8 Thomas St. ...
...Jamaica Plain, MA 02130 ........, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ... Woburn, MA ...

........................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ... Woburn, MA ..............................

the ...... 13th ............................ day of ... Dec .................................................

...................., in the year of our Lord .2012...........................

..................................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

A TRUE COPY ATTEST

CONSTABLE
AND DISINTERESTED PERSON

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................................................

................................................................................................................................................................

................................................................................................................................................................

....................................................................................................................

Dated: ........................................................................................................, 20..........

**N.B.  TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
    ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ..........3/10/12.........., 20......... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

MIDDLESEX ......ss.

............................ Plff.

v.

............................ Deft.

SUMMONS
(Mass. R. Civ. P. 4)

## COMMONWEALTH OF MASSACHUSETTS

. MIDDLESEX, SS                               MIDDLESEX SUPERIOR COURT
                                             CIVIL ACTION No: 2011 4039

STEVEN J. BROMBERG and HEATHER     )
BROMBERG                           )
Husband and Wife,                  )
                                   )
        Plaintiff(s),              )
                                   )
v.                                 )
                                   )         COMPLAINT AND
                                   )         JURY DEMAND
AVALON COMMUNITIES INC. d/b/a      )
AVALON LEXINGTON HILLS,            )
COHEN & ASSOCIATES, P.C,           )
AND EQUIFAX INFORMATION            )
SERVICES LLC                       )
        Defendants.                )
                                   )

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
NOV 14 2011
CLERK

## PARTIES

1.  Plaintiffs, Steven J and Heather Bromberg, husband and wife, reside out of 4 Duval Way,
    Bedford, MA 01730, Middlesex County, Massachusetts.

2.  AvalonBay Communities Inc. d/b/a Avalon at Lexington Hills (hereinafter "Avalon") is a
    foreign corporation incorporated under the laws of the State of Maryland authorized to do
    business in the Commonwealth of Massachusetts through its registered offices at 155 Federal
    Street, Suite 700, Boston, Ma 02110.

3.  Defendant, Cohen & Associates, P.C (hereinafter "Cohen") is a corporation organized and
    existing under the laws of the Commonwealth of Massachusetts, with its usual place of
    business in Salem, MA 01730.

4. Defendant, Equifax Credit Information Services Inc.(hereinafter "Equifax") ) is a foreign corporation incorporated under the laws of the State of Georgia authorized to do business in the Commonwealth of Massachusetts through its registered offices at 84 State St. Boston, Ma 02109.

## FACTS

5. On November 20, 2008 Plaintiffs moved to Avalon at Lexington Hills.

6. Prior to the expiration of the lease, Plaintiff, Heather Bromberg gave notice to Defendant, Avalon's agent/employee that Plaintiffs' family would become tenants at will and vacate upon purchase of a new home.  As a result, Plaintiffs were required to fill out a new agreement reflecting their status as tenants at will.

7. Plaintiffs' new agreement provided that they would pay an increase in their rental rate due to their new status as tenants at will.

8. In June Plaintiffs paid the increased rental fee of $291.00.

9. On or about June 18, 2010, Plaintiffs received a notice to cease and desist from Avalon Management.

10. On or about June 27, 2010, Plaintiffs vacated the unit and surrendered keys to management staff.

11. On or about Aug 13, 2010, 47 days after surrendering the keys to Avalon, Plaintiffs received a statement reflecting a balance due including rent due for the period ending July 17, 2009.

12. In September 2010, Plaintiffs sent Avalon, via certified mail, a written demand disputing charges billed to them, and requesting return of part of their security deposit.  A copy of the demand letter is attached hereto as Exhibit C.

13. Avalon did not respond to Plaintiffs' 93A demand.

14. Plaintiffs did not receive any further notice concerning the alleged debt owed to Avalon until April of 2011.

15. In April, 2011, Defendant, Cohen, threatened legal action if payment for the Avalon debt was not received from Plaintiffs in 30 days.

16. Plaintiffs' counsel responded to this demand requesting that collection activities cease and that defendant refund monies owed to the Plaintiffs pursuant to the September 2010 demand.

17. Plaintiffs maintained a revolving line of credit with Citizens Bank. In a letter dated May 26, 2011, Citizens terminated the Line of Credit based on the following the following reason(s): ADVERSE PERSONAL CREDIT INFORMATION AND BANKRUPTCY.

18. On June 6, 2011, Cohen filed suit against Plaintiffs alleging an outstanding balance owed to Avalon.

19. On June 7, 2011 Plaintiffs by their attorney sent a demand letter to Cohen, Avalon and Equifax regarding their actions.

20. Equifax was reporting that Plaintiffs had an outstanding balance on a collection account and had filed for bankruptcy. These negative entries falsely impacted the Plaintiffs' credit report.

21. In a letter dated June 7, 2011, Plaintiffs informed Equifax that it was reporting a disputed collection account and another person's bankruptcy on their credit report. Plaintiffs provided Equifax with a bankruptcy petition from the United States District Court of Massachusetts, Bankruptcy Division of one Steven V. Celani, to prove the bankruptcy did not belong to him. He requested that Equifax investigate and correct their credit report.

22. On August 2, 2011, Equifax again reported Steven V. Celani's bankruptcy on Plaintiff's credit report.

23. In a letter faxed to Equifax dated August 11, 2011, Plaintiffs again by their attorney disputed the inaccurate information and asked Equifax to remove the bankruptcy.

**COUNT I.**
**CAUSE OF ACTION AGAINST DEFENDANT AVALON**
**FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT.**

24. Plaintiffs reallege and incorporate paragraphs 1 through 23 above as if fully set out herein.

25. Avalon violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a) by failing to fully and properly investigate the Plaintiff's dispute of the Avalon representation; by the continued reporting of the Avalon representation within Plaintiff's credit file with Equifax without also including a notation that this debt was disputed; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax.

26. As a result of this conduct by Avalon, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, embarrassment of credit denials, and the ability to refinance their home.

27. Avalon's conduct was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. 1681o.

28. The Plaintiffs are entitled to recover costs and attorney's fees from Avalon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against defendant Avalon for the following:

A. Declaratory judgment that Avalon's conduct violated the FCRA;
B. Actual damages;
C. Punitive damages pursuant to 15 U.S.C. § 1681n
D. Statutory damages pursuant to 15 U.S.C. § 1681n and § 1681o;
E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and § 1681o
F. For such other and further relief as the Court may deem just and proper.

## COUNT II.
## CAUSE OF ACTION AGAINST DEFENDANT AVALON FOR DEFAMATION.

29. Plaintiffs reallege and incorporate paragraphs 1 through 28 above as if fully set out herein.

30. Avalon published representations to Equifax and through Equifax to all of Plaintiffs' potential lenders on multiple occasions.

31. The statements made by Avalon are false in that they inaccurately reflect Plaintiffs' credit information and debt repayment history.

32. Avalon's actions were willful in publishing false information after receiving notice Plaintiffs were vacating

33. As a result of this conduct, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

34. The conduct of Avalon was willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiffs such as to justify an award of punitive damages against Avalon in an amount to be determined by the Court.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against defendant Avalon for the following:

A. Actual damages;

B. For such other and further relief as the Court may deem just and proper.

## COUNT III.
## CAUSE OF ACTION AGAINST DEFENDANT AVALON
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

35. Plaintiffs reallege and incorporate paragraphs 1 through 34 above as if fully set out herein.

36. Avalon intended to injure Plaintiffs by their acts.

37. The activities engaged in by Avalon have created and/or are creating a serious risk of infliction of emotional distress.

38. Plaintiffs were in fact injured by the intentional acts of Avalon.

39. The outrageous conduct of Avalon in engaging in a campaign to collect alleged money owed without verifying the Plaintiffs' legitimate disputes, reporting derogatory information about Plaintiffs to a national credit reporting agency and in threatening Plaintiffs with legal action resulted in significant emotional distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against defendant Avalon for the following:

A. Actual damages;

B. For such other and further relief as the Court may deem just and proper.

## COUNT IV.
## CAUSE OF ACTION AGAINST DEFENDANT AVALON
## FOR VIOLATION OF MASS. GEN. LAWS. CHAPTER 93

40. Plaintiffs incorporate herein the allegation contained in Paragraph 1 through 39.

41. G.L. c. 93 § 54A(a) provides that no person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete.

42. Defendant Equifax is a consumer reporting agency as defined by G.L. c. 93 § 50.

43. On, September 2, 2011 Avalon was put on notice that Plaintiffs disputed the amount alleged to be owed to Avalon.

44. Based on Plaintiff's demand letter, Avalon had cause to believe that the information was inaccurate.

45. Avalon took no action to validate information.

46. Avalon reported information to Equifax that Plaintiffs were delinquent on the Avalon account and were indebted to the amount of $2,304.96.

47. Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

48. Avalon's conduct was willful, rendering it liable for actual and punitive damages in an amount to be determined by the Court pursuant to G.L. c. 93§§63. In the alternative, it was negligent.

WHEREFORE, Plaintiffs respectfully request this court to:

A. enter judgment for Plaintiff against Avalon;

B. award damages to Plaintiff in an amount determined by the court;

C. treble such amount as provided by G.L. c 93A, §9(3);

D. award interest, costs and attorney fees to Plaintiff; and

E. award such other relief as this court deems just and proper.

## COUNT V
## CAUSE OF ACTION AGAINST DEFENDANT AVALON
## FOR VIOLATION OF MASS. GEN. LAWS. CHAPTER 93A

49. Plaintiffs incorporate herein the allegation contained in Paragraph 1 through 48.

50. At all times hereto the defendant was engaged in trade or commerce.

51. By the conduct described herein, Avalon has violated Chapter 93A, §§2, and 940 C.M.R. §§ 3.16, (4).

52. In September 2010, Plaintiffs, sent the defendants via certified mail, a written demand for relief pursuant to G.L. c. 93A, identifying the claimants, reasonably describing the unfair acts or practices relied upon and the injuries suffered.

53. Avalon failed to respond and forwarded the account to collection.

54. As a result of unfair or deceptive acts or practices Plaintiffs have suffered damages to an extent to be determined at trial.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against defendant Avalon for the following:

B.  damages to Plaintiffs in an amount determined by the court;

C.  treble such amount as provided by G.L. c 93A, §§ 9(3);

D.  award interest, costs and attorney fees to Plaintiffs, and

E.  award such other relief as this court deems just and proper.

## COUNT VI.
## CAUSE OF ACTION AGAINST DEFENDANT AVALON FOR ATTEMPTING TO COLLECT A CONSUMER DEBT IN AN UNFAIR AND DECEPTIVE MANNER.

55. Plaintiffs hereby incorporate paragraphs 1-54 of the Complaint as if fully set forth here.

56. Avalon is a creditor within the meaning of the G.L. c. 93 §§ 49.

57. Plaintiffs alleged debt obligation arose out of a transaction primarily for household purposes within the meaning of the G.L. c. 93 § 49.

58. Avalon attempted to collect an alleged debt arising from a consumer transaction where there was an agreement to lease residential property.

59. Avalon violated G.L. c. 93A, § 2 and 940 C.M.R. § 7.07, when it billed and sent a demand for payment from Plaintiffs knowing that the demand was a false or misleading representation as to the extent or amount of the debt.

60. Avalon had a duty to act with reasonable care in their dealings with Plaintiffs.

61. Avalon knew or should have known that its misconduct would injure Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against defendant Avalon for the following:

A. Declaratory judgment that Avalon's conduct violated G.L. c. 93;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees pursuant to G.L. c. 93 §§

E. For such other and further relief as the Court may deem just and proper.

## COUNT VII
## CAUSE OF ACTION AGAINST DEFENDANT AVALON
## FOR VIOLATION OF MASS. GEN. LAWS. CHAPTER 186

62. Plaintiffs incorporate herein the allegation contained in Paragraph 1 through 61.

63. G.L. c.186, § 15B provides in pertinent part that:

> The lessor shall, within thirty days after the termination of occupancy under
> a tenancy-at-will or the end of the tenancy as specified in a valid written
> lease agreement, return to the tenant the security deposit or any balance
> thereof...

64. The Plaintiffs informed Avalon in May 2010 they were vacating their leased apartment by the end of June.

65. Plaintiffs moved out of the apartment on June 27, 2011.

66. Avalon did not prepare and itemize a list of damages until August 13, 2010; Plaintiffs did not receive the itemized list of damages for at least 45 days after they terminated their occupancy of the leased apartment.

67. Avalon failed to provide to the Plaintiffs within thirty days an itemized list of damages, sworn to by Avalon under pains and penalties of perjury, itemizing in precise detail the nature of the damage and of the repairs necessary to correct such damage, and written evidence, such as estimates, bills, invoices or receipts, indicating the actual or estimated cost thereof.

68. Plaintiffs disputed the August 13, 2010 charges and received no reply or monies.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against defendant Avalon for the following:

A. Damages;

B. Costs and reasonable attorney's fees pursuant to G.L. c. 186 § 20;

C. For such other and further relief as the Court may deem just and proper.

## COUNT VIII
## CAUSE OF ACTION AGAINST DEFENDANT AVALON (CONVERSION)

69. Plaintiffs incorporate herein the allegation contained in Paragraph 1 through 68.

70. Avalon's failure to return or to segregate the security deposit amounted to conversion of funds.

71. On or about September, 2011, Plaintiffs demanded the immediate return of a $1,000.00 security deposit placed in Avalon's control, but Avalon failed and refused, and continues to fail and refuse, to return the security deposit to Plaintiffs. A copy of Plaintiff's written demand for return of the property is attached hereto as Exhibit F and made a part hereof.

72. By its actions, Avalon has injured Plaintiffs, who have suffered damages to an extent to be determined at trial.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against defendant Avalon for the following:

A. Statutory damages;

B. Costs and reasonable attorney's fees

C. For such other and further relief as the Court may deem just and proper.

## COUNT IX.
## CAUSE OF ACTION AGAINST DEFENDANT COHEN.
### FOR VIOLATION OF THE FDCPA: 15U.S.C. § 1692 et seq.

73. Plaintiffs incorporate herein the allegation contained in Paragraph 1 through 72.

74. Cohen is a debt collector within the meaning of the FDCPA.

75. Plaintiffs are consumers within the meaning of the FDCPA.

76. Cohen attempted to collect an alleged debt arising from a consumer transaction for the leased residential property.

77. Cohen violated the FDCPA. Cohen's violations include, but are not limited to, the following:

(a). Cohen violated 15 U.S.C. § 1692e by having communicated to Equifax, credit information which was known or which should have been known to be false, including the failure to communicate that a debt is disputed.

(b) Cohen violated 15 U.S.C. § 1692f (b) by its collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

78. Cohen had a duty to verify the legitimacy of the debt before placing it in suit.

79. Cohen knew or should have known that his conduct could injure Plaintiffs.

80. By its actions, Cohen has injured Plaintiffs, who have suffered damages to an extent to be determined at trial.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against defendant Avalon for the following:

A. damages;

B. statutory damages pursuant to 15 U.S.C. § 1692k;

C. costs and reasonable attorney's fees pursuant to § 1692k;

D. for such other and further relief as the Court may deem just and proper.

## COUNT X
### CAUSE OF ACTION AGAINST DEFENDANT COHEN
### FOR VIOLATION OF MASS. GEN. LAWS. CHAPTER 93A

81. Plaintiffs incorporate herein the allegation contained in Paragraph 1 through 80.

82. At all times hereto the defendant was engaged in the collection of debt from consumers.

83. Cohen's false representation of the amount owed to Avalon failed to comply with both the FDCPA and the Massachusetts counterpart, the Massachusetts Debt Collection Act and was willful and a knowing violation of Chapter 93A, § 2 and 940 CMR 3.16. (3), (4).

84. On June 7, 2010, Plaintiffs, through their attorney, sent Cohen via certified mail, return receipt requested, a formal written demand for relief pursuant to G.L. c. 93A, identifying the claimant, reasonably describing the unfair acts or practices relied upon and the injuries suffered. Cohen failed to make a written reply or offer of settlement.

85. As a result of unfair or deceptive acts or practices, Cohen has injured Plaintiffs, who have suffered damages to an extent to be determined at trial.

86. WHEREFORE, Plaintiffs respectfully request that judgment be entered against defendant Cohen for the following:

A. unfair and deceptive business acts or practices (Chapter 93A);

B. damages in an amount to be determined at trial for Cohen's unfair and deceptive business acts or practices, plus reasonable attorneys' fees, interest and costs;

C. multiple damages in an amount to be determined at trial for Defendant's willful and knowing unfair and deceptive business acts or practices and for Defendant's failure to make an offer of settlement in response to Plaintiffs' demand, plus reasonable attorneys' fees, interest and costs;

D. Any other relief that the Honorable court deems meet and just.

D. for such other and further relief as the Court may deem just and proper.

## COUNT X
## CAUSE OF ACTION AGAINST DEFENDANT COHEN
## FOR VIOLATION OF MASS. GEN. LAWS. CHAPTER 93A

81. Plaintiffs incorporate herein the allegation contained in Paragraph 1 through 80.

82. At all times hereto the defendant was engaged in the collection of debt from consumers.

83. Cohen's false representation of the amount owed to Avalon failed to comply with both the FDCPA and the Massachusetts counterpart, the Massachusetts Debt Collection Act and was willful and a knowing violation of Chapter 93A, §2 and 940 CMR 3.16 (3),(4).

84. On June 7, 2010, Plaintiffs, through their attorney, sent Cohen via certified mail, return receipt requested, a formal written demand for relief pursuant to GIL.c. 93A, identifying the claimant, reasonably describing the unfair acts or practices relied upon and the injuries suffered. Cohen failed to make a written reply or offer of settlement.

85. As a result of unfair or deceptive acts or practices, Cohen has injured Plaintiffs, who have suffered damages to an extent to be determined at trial.

86. WHEREFORE, Plaintiffs respectfully request that judgment be entered against defendant Cohen for the following:

A. unfair and deceptive business acts or practices (Chapter 93A);

B. damages in an amount to be determined at trial for Cohen's unfair and deceptive business acts or practices, plus reasonable attorneys' fees, interest and costs;

C. multiple damages in an amount to be determined at trial for Defendant's willful and knowing unfair and deceptive business acts or practices and for Defendant's failure to make an offer of settlement in response to Plaintiffs' demand, plus reasonable attorneys' fees, interest and costs;

D. Any other relief that the Honorable court deems meet and just.

**COUNT XI**
**CAUSE OF ACTION AGAINST DEFENDANT EQUIFAX.**
**FOR VIOLATION OF FCRA 15 U.S.C. §1681e(b)**

87. The Plaintiffs reallege and incorporate paragraphs 1 through 85 above as if fully set out herein.

88. Sometime in May 2011, Plaintiffs discovered that Equifax was reporting them as having filed for bankruptcy.

89. On or about August 8, Plaintiffs discovered for the second time within a three month period that Equifax was again reporting them as having filed for bankruptcy.

90. Both erroneously reported bankruptcies report on Plaintiffs' credit report, belong to the same individual, Steven V. Celani. Both the Plaintiff Mr. Bromberg and Steven V. Celani had social security numbers with the same last four digits.

91. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

92. As a result of their conduct, action and inaction of Equifax, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

93. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C. 1681o.

94. The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against defendant Equifax for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C

D. For such other and further relief as the Court may deem just and proper.

### COUNT XII.
### CAUSE OF ACTION AGAINST DEFENDANT EQUIFAX
### FOR VIOLATION OF THE FCRA

95.  Plaintiffs reallege and incorporate paragraphs 1 through 93 above as if fully set out herein

96.  Equifax violated 15 U.S.C. § 1681i by its failure to provide either a consumer's statement, a clear and accurate codification, or summary thereof in any of the Plaintiffs's subsequent consumer reports that a reported item was disputed by the Plaintiff.

97.  Equifax did not have any reasonable grounds to exclude Plaintiffs' dispute of the Avalon account in subsequent credit reports issued.

98.  Equifax as of August 2011 has deleted the Avalon Collection Account.

99.  Equifax's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

100. The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

A. Statutory damages;
B. Actual damages;
C. Punitive damages;
D. Injunctive relief;
E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and
F. Such other and further relief as may be necessary, just and proper.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

Respectfully Submitted
Steven and Heather Bromberg,
By their Attorney


_____

Paul F. Murphy
8 Thomas St
Jamaica Plain, Ma 02130
(617) 522-2211
BBO # 552221

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

MIDDLESEX SUPERIOR COURT
CIVIL ACTION No: 11-4039/b

STEVEN J. BROMBERG and HEATHER )
BROMBERG )
Husband and Wife, )
)
  Plaintiff(s), )
)
v. )
)
AVALON COMMUNITIES INC. d/b/a )
AVALON LEXINGTON HILLS, )
COHEN & ASSOCIATES, P.C, )
AND EQUIFAX INFORMATION )
SERVICES LLC )
   Defendants. )



### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER AND ORDER OF APPOINTMENT

  In accordance with provision of Rule 4(c) of the Massachusetts Rules of Civil Procedure, the undersigned hereby request this Honorable Court for the Appointment of Ronald M. DiGiorgio, or any of his designees, as process server in the above entitled action

  The undersigned swears that to the best of his/her knowledge and belief, the Person to be appointed process server is a constable who is experienced in the service of process, is 18 years of age or over, and is not a party to this action

1/12/12 **Motion Allowed**

Attest: _____
    Deputy Assistant Clerk

_____ J.J

Respectfully Submitted
Steven and Heather Bromberg,
By their Attorney

_____
Paul F. Murphy
8 Thomas St
Jamaica Plain, Ma 02130
(617) 522-2211
BBO # 552221